## Gill v. Gill

*Gary N. Moskovitz,* for plaintiff.
*Kenneth R. Werner,* for defendant.

WOOD, *J.,* March 22, 1982—Defendant wife has preliminarily objected to plaintiff husband's complaint seeking partition of property which they own jointly.

She raises a legal question for which we have no guidance from our appellate courts.

The parties to this action are the joint owners of certain real estate, a family home, located in the Borough of South Coatesville. On December 16, 1980, wife presented a petition to this court under the Protection from Abuse Act, No. 218, October 7, 1976; 35 P.S. §10181 *et seq.,* and Judge Leonard Sugerman of this court ordered that husband be temporarily excluded from the family home until a final hearing could be held on the petition. A final hearing was never held, so that the order continues in effect, and plaintiff has remained out of the residence. On March 10, 1981, plaintiff filed a complaint in divorce to no. 143 March term, 1981, seeking only the dissolution of marriage. On August 5, 1981, he brought this partition action. The wife filed a petition for alimony, alimony pendente lite, counsel fees and expenses, division of marital property, and custody, and on August 26, 1981, filed preliminary objections to this partition action, asserting that partition is inappropriate where an action in divorce is pending and division of marital property is at issue. We agree.[1]

In support of his complaint in equity, husband cites Daniels v. Daniels, 19 D.&C. 3d 36 (1981) where the Berks County Common Pleas Court held that an action in partition is not pre-empted by a claim for equitable distribution in a subsequent divorce action. This was so, argued the court, because an examination of the Divorce Code demonstrated that an action in partition need not defeat defen-

1. And since we agree, we need not get into the question, at this time, of whether husband has been wrongfully excluded, in light of the outstanding abuse order.

dant's rights to equitable distribution. The court reasoned:

"A transposition of the estate from a tenancy by the entireties to a tenancy in common by an equity court's fait accompli in granting the partition decree will not result in a removal of the residence as an item of marital property. This is so because the residence is still property acquired during the marriage. The Divorce Code provides that all property, whether real or personal acquired by either party during the marriage, is presumed to be marital property regardless of whether it is held individually or by the parties in some form of co-ownership, such as joint tenancy, tenancy in common or tenancy by the entireties: 23 P.S. §401(f). Thus, the mere act of partition affects no rights under the Divorce Code, *Id.*, at 40-41.

Further, the court was satisfied that the Divorce Code itself provided adequate protection of party's interest in partitioned property under a pending claim for equitable distribution: Id., at 41-42; 23 P.S. §403(a) and §403(d).

Since Daniels, the Common Pleas Courts of both Lancaster and Allegheny Counties have held that the Divorce Code has pre-empted prior law. Thus, where a divorce action has been filed with ancillary claims for equitable distribution and alimony, a partition action will not lie; Pietsch v. Pietsch, July 1, 1981, Lancaster County, Civil Action, Docket No. 21; Ferri v. Ferri, 129 P.L.J. 449 (1981). Pietsch is procedurally the same as the present case since the husband filed a divorce action followed by an action for partition followed by the wife's petition for equitable distribution. In Ferri, the complaint in divorce was filed prior to the commencement of the parti-

tion action. Although the court in Pietsch appears to give weight to the fact that the husband filed the initial divorce action before he filed his partition action, we would reach the same result no matter which action was filed first.

Among the purposes of the Divorce Code are the wish to:

(1) make the law for legal dissolution of marriage effective for dealing with the realities of marital experience . . . 23 P.S. §102(a)(1).

(2) effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual needs and ability to pay of the parties and insure a fair and just determination and settlement of their property rights. 23 P.S. §102(a)(6).

These objectives are to be considered in construing provisions of the code and express the intent of the legislature: 23 Pa. P.S. §102(b). The court in Ferri noted that alimony and equitable distribution "were the bedrock upon which is founded the much needed advancement which this act represents." Partition results in a 50-50 division, regardless of the equities, but equitable distribution need not. Thus, once the Divorce Code is invoked in order to achieve equitable division of marital property, partition actions involving the same or part of the same property should at least be stayed until the court's disposition of the equitable distribution claim. Any other result would frustrate the express purposes of the Divorce Code. We must decide which one has priority, and we think the clear intention of the legislature is to prefer the more recent Divorce Code: see 1 Pa. C.S. §1921 et seq.

If we decide that equitable distribution is not appropriate, we can then proceed with the partition action.[2]

### ORDER

And now, this March 22, 1982, upon consideration of the pleadings and briefs, defendant's preliminary objections are sustained and this partition action is stayed pending the outcome of defendant's petition for ancillary relief filed under 143 March term, 1981.

---

2. The decision in Daniels in effect reaches the same result since the partitioned property would be subject to equitable distribution, when the divorce is resolved. However, Daniels results in extra litigation and extra expense to the litigants without really changing anything. Such a result should be avoided if possible.